IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| UNITED STATES OF AMERICA, | |
|---|---|
| FOR THE USE OF S.H. ANTHONY, INC. | PLAINTIFF |

VERSUS  CIVIL ACTION NO. 1:15CV129 KS-RHW

| SAUER, INC. AND FEDERAL INSURANCE | |
|---|---|
| COMPANY | DEFENDANTS |

## COMPLAINT
## JURY TRIAL REQUESTED

Plaintiff, United States of America, for the use of S.H. Anthony, Inc. complains of the Defendants Sauer, Inc. and Federal Insurance Company as follows:

### PARTIES

I.

1. S.H. Anthony ("SHA"), the use Plaintiff in this action, is a Mississippi corporation organized and existing under and by virtue of the laws of the State of Mississippi.

2. Defendant, Sauer, Inc., ("Sauer") is a Pennsylvania corporation organized and existing and by virtue of the laws of the State of Pennsylvania and may be served with process on its registered agent, C.T. Corporation, 645 Lakeland East Dr., Suite 101, Flowood, Mississippi 39232.

3. Federal Insurance Company ("Federal") is an Indiana corporation organized

and existing and by virtue of the laws of the State of Indiana and may be served with process on its registered agent, CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

## JURISDICTION

### II.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

## VENUE

### III.

5. The contract at issue was to be performed and was executed in Hancock County, Mississippi. Venue therefore lies in this Court pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2).

## FACTS

### IV.

6. On or about August 3, 2012, Sauer contracted with NASA, Contract No. NNS12AA83B – T.O. NNS12AA95T, for work to be performed on a project known as Potable Water Systems Upgrades, Stennis Space Center, Hancock County, Mississippi (the "Project"). The principal sum of the Project was in excess of $100,000.00. A copy of the contract is attached hereto as Exhibit "A."

7. On or about August 3, 2012, Sauer obtained a payment bond, Bond

#82286853, (the "Bond") from Federal in the amount of $4,973,400.00 for the protection of all persons supplying labor and material in the prosecution of work provided for in the above-mentioned contract. A copy of the Bond is attached hereto as Exhibit "B."

8. On or about August 14, 2012, Sauer contracted with SHA, Subcontract #01-1603-00213-2000 (the "Subcontract") to furnish and install all "Site Utility Work," for the Project. A copy of the Subcontract is attached hereto as Exhibit "C."

9. Sauer failed to pay SHA $754,406.28 due under the Subcontract, pursuant to the terms of the Subcontract, all of which labor and materials were furnished in the prosecution of the work provided for in the Contract.

10. SHA has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Subcontract. Further, SHA is entitled to recover reasonable costs and expenses, including attorneys' fees, incurred with this legal proceeding.

11. SHA has complied with the notice provisions of 40 U.S.C. § 3133.

11. In addition, a period of more than 90 days have elapsed since the date on which SHA last supplied labor and materials to Sauer.

### FIRST CLAIM
### (BREACH OF CONTRACT)

V.

12. SHA repeats and re-alleges paragraphs 1 through 11 above as though fully set forth in this claim.

13. SHA performed all of its obligations under the Subcontract.

14. Sauer has breached the Subcontract in that it has failed and refused to pay SHA in full for labor, services and materials furnished in the prosecution of work provided for in the Subcontract and pursuant to the Contract.

## SECOND CLAIM
## (QUANTUM MERUIT)

### VI.

15. SHA repeats and re-alleges paragraphs 1 through 14 above as though fully set forth in this claim.

16. SHA provided valuable labor, services and materials that were necessary for Sauer to perform and complete its obligations under the Contract.

17. Sauer benefitted from SHA's labor, services and materials, including but not limited to the fact that Sauer could not have fully performed and completed its obligations under the Contract in the absence of the labor, services and materials that SHA provided.

18. SHA has suffered damages and Sauer has been unjustly enriched as a result of Sauer's failure to pay SHA for the labor, material and services provided by SHA.

## THIRD CLAIM
## (MILLER ACT PAYMENT BOND)

### VII.

19. Plaintiff re-alleges paragraphs 1 through 18 above as though fully set forth in this claim.

20. Federal is obligated, pursuant to the Bond, to pay SHA for the labor, materials and services furnished in the prosecution of the work provided for in the Contract, and for which Sauer failed to make payment.

22. Plaintiff is entitled to payment from Federal pursuant to the Miller Act, 40 U.S.C. § 3133 and has complied with all requirements therein.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, the United States of America, on behalf and for the use of Plaintiff, S.H. Anthony, Inc., sues and demands reasonable compensation in the sum of $754,406.28, exclusive of interest and cost, of and from Defendants, Sauer Inc. and Federal Insurance Company, together with reasonable costs and expenses incurred in this proceeding. SHA is also entitled to pre-judgment and post-judgment interest at the applicable federal rate and attorney fees against Sauer on the pendent state law claims.

Dated: April 17, 2015.

PLAINTIFF,

OWEN, GALLOWAY & MYERS, P.L.L.C.

BY: _____
JOE SAM OWEN, MSB # 3965
ROY A. NOWELL, JR., MSB # 100768

Owen, Galloway & Myers, P.L.L.C.
1414 25th Avenue
Post Office Drawer 420
Gulfport, MS  39502
228/868-2821 – Telephone
228/864-6421 – Facsimile

jso@owen-galloway.com
ran@owen-galloway.com