IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
FOR THE USE OF S.H. ANTHONY, INC.                        PLAINTIFF

VERSUS                        CIVIL ACTION NO. 1:15cv128KS-RHW

SAUER INCORPORATED AND FEDERAL INSURANCE
COMPANY                                                         DEFENDANTS

and

SAUER INCORPORATED                        COUNTERCLAIM PLAINTIFF

VERSUS

S.H. ANTHONY, INC. and                                  COUNTERCLAIM
THE HARTFORD FIRE INSURANCE COMPANY          DEFENDANTS

## ANSWER AND DEFENSES OF SAUER INCORPORATED
## WITH COUNTERCLAIM AGAINST
## S.H. ANTHONY, INC. AND THE HARTFORD FIRE INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes Sauer Incorporated ("Sauer") and, for its answer and defenses to the Complaint filed against it by S.H. Anthony, Inc. ("SHA"), says as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

SECOND DEFENSE

All or portions of the damages sought by the Complaint are barred by the "no damages for delay" clause in the contract between Sauer and SHA.

## THIRD DEFENSE

All or portions of the damages sought by the Complaint are barred by the terms of the contract between Sauer and SHA requiring actual receipt of payment by Sauer as a condition precedent to any obligation of Sauer to pay SHA.

## FOURTH DEFENSE

All or portions of the damages sought by the Complaint are barred by the condition precedent in the contract between Sauer and SHA that the government first approve and pay any requests for equitable adjustments respecting SHA's claims for "extra work."

## FIFTH DEFENSE

The Complaint is barred by SHA's breach of its contract with Sauer by failure to timely and completely perform SHA's work and other breaches as alleged in Sauer's Counterclaim.

## SIXTH DEFENSE

Sauer pleads all rights of set off as to any funds otherwise due SHA.

## SEVENTH DEFENSE

The Complaint is barred by SHA's breach of its contractual obligation to pay its own subcontractors and material suppliers.

## EIGHTH DEFENSE

The Complaint is barred by SHA's failure to provide Sauer a Consent of Surety to the making of final payment to SHA.

## NINTH DEFENSE

All or portions of the damages sought by the Complaint are barred by SHA's assumption of the risk with respect to pre-existing conditions at the project including, but not limited to, the nature of the soils in the location of SHA's work.

## TENTH DEFENSE

All or portions of the damages sought by the Complaint are barred by SHA's failure to first obtain Sauer's prior written approval for any changes in the work.

## ELEVENTH DEFENSE

SHA has no right to recover its attorneys' fees.

## TWELFTH DEFENSE

All or portions of the damages sought by the Complaint are barred by SHA's release of the same.

## THIRTEENTH DEFENSE

All or portions of the damages sought by the Complaint are barred by SHA's failure to give timely notice as required by its contract with Sauer.

## FOURTEENTH DEFENSE

To the extent that the facts have not been fully developed through discovery, Sauer reserves and preserves all defenses available to it under Rule 8(c)(1), Fed. R. Civ. Proc.

## **ANSWER**

AND NOW, answering the specific allegations of the Complaint, each of the following numbered paragraphs corresponding thereto, Sauer further pleads and says as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. It is admitted that venue is proper.

6. The allegations of the first two sentences are admitted but it is denied that a full and complete copy of the referenced contract is attached as Exhibit A to the Complaint.

7. It is admitted that Sauer obtained the Payment Bond as alleged and that a copy thereof is attached to the Complaint as Exhibit B. The remaining allegations are denied to the extent that they are at variance with the terms of the Payment Bond and as those terms have been construed judicially.

8. It is admitted that Sauer and SHA entered into a subcontract dated August 14, 2012. It is admitted that only a portion of the subcontract is attached to the Complaint as Exhibit C as there are other documents that comprise the entire subcontract.

9. Denied.

10. Denied.

11. Denied.

11. [Sic] Admitted.

12. Sauer incorporates all of its prior responses.

13. Denied.

14. Denied.

4

15. Sauer incorporates all of its prior responses.

16. It is admitted that SHA provided some labor, services and materials of value.

17. It is admitted that Sauer obtained some benefit from SHA's labor, services and materials and SHA has been fully paid for the same.

18. Denied.

19. Sauer incorporates all of its prior responses.

20. Denied.

21. There is no paragraph 21.

22. Denied, as is the following unnumbered Prayer For Relief.

AND NOW, having asserted its affirmative defenses and having answered the allegations of the Complaint, Sauer prays that the Complaint will be dismissed against it with prejudice at the cost of the plaintiff and that Judgment will be entered in favor of Sauer on its Counterclaim.

## **COUNTERCLAIM**

AND NOW, assuming the role of Counterclaimant and, pursuant to Rules 13(a) and 19(a)(1), Fed. R. Civ. Proc., Sauer asserts the following counterclaim against SHA and The Hartford Fire Insurance Company ("Hartford") and pleads and prays for relief as follows:

### PARTIES

1. Sauer is a corporation organized and existing under the laws of the State of Pennsylvania but is qualified to do and is doing business in Mississippi.

2. SHA is a corporation organized and existing under the laws of the State of Mississippi, who may be served this Counterclaim by service upon its attorney of record.

3. Hartford is a corporation organized and existing under the laws of the State of Connecticut and is qualified to do and is doing business in Mississippi. Service of process upon Hartford may be had by serving the Mississippi Commissioner of Insurance in accordance with Miss. Code Ann. § 83-5-11.

## JURISDICTION AND VENUE

4. Because this Court has jurisdiction over this original cause of action pursuant to 40 U.S.C. § 3133 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367, the Court similarly has jurisdiction over this Counterclaim. This Counterclaim is also properly before this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Counterclaim occurred in this District.

## FACTS GIVING RISE TO THIS COUNTERCLAIM

5. On or about August 3, 2012, Sauer entered into a contract with the United States of America for that project designated as "Potable Water System Upgrades at John C. Stennis Space Center" located in Hancock County, Mississippi. A portion of that contract is attached to the Complaint as Exhibit A.

6. On or about August 14, 2012, Sauer and SHA entered into a subcontract under the terms of which SHA agreed to perform certain of the work undertaken by Sauer in its prime contract with the United States of America. A portion of the aforesaid

subcontract is attached to the Complaint as Exhibit C, and both Sauer and SHA are in possession of full and complete copies of all documents comprising the subcontract.

7. On September 7, 2012, SHA and Hartford executed and issued a Performance Bond with respect to SHA's subcontract with Sauer. A true and correct copy of Hartford's Performance Bond is attached hereto as Exhibit 1 and is incorporated herein by reference.

8. Hartford's Performance Bond provides, *inter alia*, as follows:

> Whenever [SHA] shall be, and be declared by [Sauer] to be in default under the subcontract, [Sauer] having performed [Sauer's] obligations thereunder:
>
> \*\*\*
>
> (2) [Sauer] after reasonable notice to [Hartford] may…arrange for the performance of [SHA's] obligation under the subcontract subject to the provisions of paragraph 3 herein;

Count I
Breach of Contract-SHA

9. Sauer incorporates by reference the above and foregoing allegations of Paragraphs 1-8 and pleads for relief as follows:

10. SHA breached its subcontract with Sauer in the following non-exclusive particulars: failure to prosecute its work in a timely manner; failure to prosecute its work with sufficient forces; failure to perform its work in accordance with the requirements of the subcontract; failure to guarantee that its work is free from defects; and failure to pay its subcontractors and material suppliers.

11. By letter dated October 13, 2014, and due to SHA's various breaches, Sauer declared SHA to be in default of its subcontract, gave reasonable notice to Hartford that Sauer would arrange for the performance of SHA's subcontract obligations by supplementing its forces and advised that Sauer would be looking to SHA for all such costs. A true and correct copy of Sauer's declaration of default is attached hereto as Exhibit 2 and is incorporated herein by reference. Sauer's Declaration of Default (Exhibit 2) was copied to Hartford.

12. As a direct and proximate result of SHA's breaches, Sauer has incurred damages for which SHA is liable. The damages being incurred by Sauer are continuing and Sauer is entitled to full and complete recovery of the same.

WHEREFORE, Sauer demands Judgment in its favor and against SHA for all damages proximately resulting from SHA's breaches, the exact amount to be shown at the trial of this cause.

Count II
Breach of Performance Bond

13. Sauer incorporates by reference the above and foregoing allegations of Paragraphs 1-12 and pleads for relief as follows:

14. Hartford never responded to Sauer's Declaration of Default. As surety for SHA, Hartford is liable to Sauer for all damages incurred by Sauer as a proximate result of SHA's breach of its subcontract obligations.

15. After setting off Sauer's damages and other credits against the balance of the subcontractor price, SHA otherwise would be entitled to payment of some amount.

However, pursuant to Section 7 of the subcontract, Sauer "may withhold the whole or part of any payment to [SHA] including final payment…to protect Sauer from or reimburse Sauer for loss on account of…(b) failure of [SHA] to make payments properly to its subcontractors for materials, equipment, labor or fringe benefits under this [subcontract] between Sauer and [SHA]; (c) third party claims filed or reasonable evidence indicating probable filing of such claims" or for other reasons provided in Section 7 of the subcontract.

16.  Sauer has received certain notices from some of SHA's subcontractors and material suppliers who claim they were not fully paid for the labor and materials they provided to SHA.  While Sauer contends that such notices are wholly inadequate to cause it and its Miller Act surety, Federal Insurance Company, to be liable for such claims, SHA and Hartford are obligated to indemnify, hold harmless and exonerate Sauer from any and all liability with respect to such claims.

17.  By letter dated January 5, 2015, Sauer placed Hartford on notice of the facts alleged in this Counterclaim and called upon Hartford to perform under the terms of its Performance Bond.  A true and correct copy of Sauer's notification to Hartford (without enclosures) is attached hereto as Exhibit 3 and is incorporated herein by reference. Hartford has completely ignored Sauer's notice and has breached its contractual obligations to Sauer under Hartford's Performance Bond.  As signatory to the Performance Bond, SHA has similarly breached its contractual obligations to Sauer.

WHEREAS, Sauer prays for Judgment against SHA and Hartford, jointly and severally, for all damages sustained as a proximate result of their breach of the

Performance Bond, together with pre-judgment interest from the date of each element of damage, post-judgment interest until fully paid, all attorneys' fees incurred and to be incurred and all costs of court.

## Count III
## Declaratory Judgment

18. Sauer incorporates by reference the above and foregoing allegations of Paragraphs 1-17 and pleads for relief as follows:

19. There is an actual and justiciable controversy between Sauer and the Counterclaim defendants regarding the ultimate damages that Sauer may sustain and the amount otherwise due SHA but for its breaches of the subcontract and, with Hartford, its breach of the Performance Bond.

20. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, and such judgment will settle the controversy between these parties.

21. The subcontract is made a part of Hartford's Performance Bond and obligates both SHA and Hartford to indemnify and hold harmless Sauer from "any liability, loss, damage or expense, including legal fees, arising out of or related to any claim…involving the manner or sufficiency of [SHA's] performance of the work" and grants Sauer "the right to withhold from any payments due [SHA] an amount sufficient in its judgment to protect [Sauer] from and against any asserted or threatened claim, action or proceeding…".

22. The damages being incurred by Sauer are continuing and Sauer seeks declaratory relief to resolve the ultimate quantum of its damages.

WHEREFORE, Sauer Incorporated prays for Judgment in its favor and against S.H. Anthony, Inc. and The Hartford Fire Insurance Company, jointly and severally, declaring and requiring the Counterclaim Defendants, jointly and severally, to indemnify, hold harmless and exonerate Sauer Incorporated from any and all liability to unpaid subcontractors and material suppliers of S.H. Anthony, Inc. and to determine the damages recoverable against the Counterclaim defendants by Sauer or, alternatively, the amount, if any, due SHA after applying all credits and setoffs due Sauer. Sauer also prays for such other and further relief to which Sauer Incorporated may be entitled.

Dated: June 9, 2015.

RESPECTFULLY SUBMITTED,
SAUER INCORPORATED

*s/ Ron A. Yarbrough*
Ron A. Yarbrough (MSB No. 6630)
Its Attorney

Of counsel:
BRUNINI LAW FIRM
190 E. Capitol Street
Suite 100
Jackson, MS  39201
(601) 948-3101 Phone
(601) 960-6902 Fax

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 9th day of June, 2015, the undersigned electronically filed the foregoing with the Clerk of the Court using the MEC system, which will automatically send email notification of such filing to the following attorneys of record:

    Mr. Joe Sam Owen
    Mr. Roy A. Nowell, Jr.
    Owen, Galloway & Myers, P.L.L.C.
    1414 25th Avenue
    Post Office Drawer 420
    Gulfport, MS  39502

                                          *s/ Ron A. Yarbrough*
                                          Ron A. Yarbrough, MSB#6630