IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**
**FOR THE USE OF S. H. ANTHONY, INC.**                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 1:15-CV-128-KS-RHW**

**SAUER INCORPORATED,** *et al.*                                    **DEFENDANTS**

### ORDER

For the reasons below, the Court **denies** the Motion in Limine [121] filed by Sauer, Inc. and **grants** the Motion in Limine [127] filed by S. H. Anthony, Inc.

### A.     *Sauer's Motion in Limine [121]*

The Court previously discussed the background of this case. *See United States ex rel. S. H. Anthony, Inc. v. Sauer, Inc.*, No. 1:15-CV-128-KS-RHW, 2016 U.S. Dist. LEXIS 169149, at *1-*4 (S.D. Miss. Dec. 7, 2016). Sauer, Inc. ("Sauer") filed a Motion in Limine [121], seeking an order prohibiting S. H. Anthony, Inc. ("SHA") and Hartford Fire Insurance Company ("Hartford") from introducing evidence or argument related to the claims asserted by SHA against Sauer and Federal Insurance Company ("Federal"), which the Court dismissed [112] on October 14, 2016.

The Court found that SHA executed Partial Waiver and Lien Releases which included the following language:

> [T]he undersigned does hereby waive, release and relinquish any and all rights, claims, demands, liens, claims for relief, causes of action and the like, whether arising at law, under a contract, in tort, in equity, or otherwise, which the undersigned has now or may have had arising out of the performance of work or the furnishing of labor or materials by the undersigned through [date to be inserted], the effective date of this Waiver and Release pursuant to Subcontract or Purchase Order in

> connection with . . . Potable Water System Upgrades Stennis Space Center, MS . . . .
>
> This Waiver and Release applies to all facts, acts, events, circumstances, changes, constructive or actual delays, acceleration, extra work, disruptions, interferences and the like which have occurred, or may be claimed to have occurred, prior to the effective date hereof . . . .

See Exhibit 2 to Motion for Partial Summary Judgment, *United States ex rel. S. H. Anthony, Inc. v. Sauer, Inc.*, No. 1:15-CV-128-KS-RHW (S.D. Miss. Sept. 8, 2016), ECF No. 99-2. Accordingly, the Court dismissed several claims asserted by SHA against Sauer and its surety, Federal. However, the Court specifically reserved ruling on the admissibility of evidence regarding the dismissed claims, or the work which SHA asserts is the basis thereof.

Sauer now argues that, in addition to its claims against Sauer, SHA also waived its right to admit any evidence related to the dismissed claims or the facts underlying them. The language of the waiver does not support this argument. It does not refer to the admission of evidence at a trial on Sauer's own claims against SHA. At most, the document could be possibly interpreted as waiving claims arising from "all facts, acts, events, circumstances, changes, constructive or actual delays, acceleration, extra work, disruptions, interferences and the like which have occurred, or may be claimed to have occurred, prior to the effective date hereof . . . ," and the Court has already dismissed the relevant claims asserted by SHA.

In response to Sauer's motion, SHA provided reasonable explanations as to why evidence of each dismissed claim is relevant to its defense of Sauer's counterclaims. Among other things, Sauer claims that SHA breached its subcontract with Sauer by

failing to perform the work in a timely manner. Each of the dismissed claims relate to Field Change Requests ("FCR's") or Change Order Requests ("COR's") which allegedly precipitated delays in the project. SHA intends to introduce evidence as to the factual circumstances surrounding each FCR and COR, and the reasons for delay in performance of the subcontract. SHA's counsel specifically represented in briefing that SHA will not refer to its dismissed claims or the monetary amounts at issue, and that it will not seek recovery of such. The disputed evidence is plainly relevant, and the Court believes that there is little risk that the jury will be confused. Sauer's Motion in Limine [121] is **denied**.

### B.   *SHA's Motion in Limine [127]*

The parties agree that the Court should prohibit the admission of any evidence of and references to any past or pending litigation, arbitration, or mediation involving the parties, with the exception of an arbitration involving SHA and its subcontractor, MP NexLevel. The Court **grants** SHA's Motion in Limine [127] as unopposed.

For these reasons, the Court **denies** Sauer, Inc.'s Motion in Limine and **grants** S. H. Anthony, Inc.'s Motion in Limine.

SO ORDERED AND ADJUDGED, on this, the ___17th___ day of January, 2017.

                                          ____s/Keith Starrett_____
                                          UNITED STATES DISTRICT JUDGE